IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NORMAN BARON, individually and on behalf of all others similarly situated, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) ) |
| ROUNDY'S SUPERMARKETS, INC. and ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S | ) ) ) ) |
| Defendants. | ) ) |

**NOTICE OF REMOVAL**

Pursuant to 28 U.S.C. § 1446, and the jurisdictional provisions of the Class Action Fairness Act of 2005 ("CAFA"), codified at 28 U.S.C. § 1332(d)(2) and 28 U.S.C. §§ 1453(b), defendants, Roundy's Supermarkets, Inc. ("Roundy's Supermarkets") and Roundy's Illinois, LLC ("Roundy's Illinois"), d/b/a Mariano's, remove this action from the Circuit Court of Cook County, Illinois to the United States District Court for the Northern District of Illinois, Eastern Division. As explained below, this putative class action is subject to the Court's jurisdiction under 28 U.S.C. § 1332(d)(2) because minimal diversity exists and the amount put in controversy by the putative class members' claims exceeds $5,000,000.

**Overview of the Claims Asserted and Relief Sought**

1. Plaintiff, Norman Baron, has filed a class-action complaint against the defendants, alleging that they have violated the Illinois Biometric Information Privacy Act ("BIPA"), 740 ILCS § 14/1, *et seq.*, by requiring grocery store employees to clock in and out of their shifts using a fingerprint scanner, without making the disclosures and obtaining the release required by the statute. (Class Action Complaint at ¶¶1-3). (A copy of the complaint, summons, and all other process served on Roundy's Illinois is attached hereto as **Exhibit A**.)

2. More specifically, the complaint alleges that defendants' use of its timekeeping system violates the BIPA law, 740 ILCS § 14/15(a)-(b), because:

    a. defendants allegedly have not adopted a publicly disclosed policy regarding the length of time defendants maintain employees' biometric data or when the biometric data is permanently destroyed. (Cplt. ¶¶43-44). 740 ILCS § 14/15(a).

    b. defendants allegedly collected and stored employees' biometric data without first: (i) informing the employees in writing that biometric identifiers were being collected or stored; (ii) informing the employees in writing of the specific purpose and length of term for which a biometric identifier is being collected; and (iii) obtaining written releases executed by the employees as a condition of employment. (Cplt. ¶¶45-46). 740 ILCS §14/15(b).

3. Plaintiff seeks to bring this action on behalf of a class defined as:

All Roundy's employees in the State of Illinois whom Roundy's fingerprinted or finger-scanned when clocking in or out of work. (Cplt. ¶33).

4. Under the BIPA, a plaintiff may sue a private entity for statutory violations in state court or as a supplemental claim in federal court. 740 ILCS § 14/20. The law authorizes a prevailing party to recover liquidated damages of $1,000 or actual damages, whichever is greater, for negligent violations of the act. The BIPA also authorizes recovery of an injunction. 740 ILCS § 14/20.

5. Count I seeks, on behalf of the alleged class, liquidated damages or actual damages, whichever is greater. Plaintiff alleges that "Defendants have negligently violated the BIPA, and Plaintiff and the Class have been damaged and are entitled to damages available under BIPA, including liquidated damages of $1,000 or actual damages, whichever is greater." (Cplt. ¶49).

6. Count II seeks injunctive relief on behalf of the class. This count alleges that the "gravity of the harm to Plaintiff and the Class, absent equitable relief, outweighs any harm to Roundy's if such relief is granted." (Cplt. ¶61). Plaintiff requests an order requiring defendants to "make disclosures consistent with the Act and enjoining further unlawful conduct." Plaintiff also requests an order requiring "Roundy's to publicly disclose a written policy establishing any specific purpose and length of term for which Plaintiff's and other employees' biometrics have been collected, stored, and used, as well as guidelines for permanently destroying such biometrics." (Cplt. ¶¶52-53).

## Basis for Subject-Matter Jurisdiction

7. CAFA amended 28 U.S.C. § 1332 to grant United States district courts original jurisdiction over "any civil action:" (a) in which the "matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs"; and (b) which is a "class action" in which, among other things, "any member of a class of plaintiffs is a citizen of a State different from any defendant." This case meets all the requirements for jurisdiction under CAFA and 28 U.S.C. § 1332(d)(2).

**This matter is a "class action" under CAFA.**

8. A "class action" for purposes of CAFA is defined as "any civil action filed in a district court of the United States under rule 23 of the Federal Rules of Civil Procedure or any civil action that is removed to a district court of the United States that was originally filed under a State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B). Plaintiff's complaint purports to allege claims on behalf of a class of Roundy's Illinois employees who were fingerprinted or finger-scanned when they clocked in or out of a shift at Roundy's. (Cplt. ¶33, 49, 61). Therefore, this action is properly considered a "class action" under CAFA.

**The requirement of minimal diversity is met.**

9. Minimal diversity exists. Plaintiff is a citizen of the State of Illinois because he resides and works in Cook County, Illinois. (Cplt. ¶11). Neither defendant is deemed to be an Illinois citizen.

10. A corporation "shall be deemed ... a citizen of every [s]tate ... by which it has been incorporated and of the [s]tate ... where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business" under § 1332(c)(1) is its "nerve center," that is, "the place where the corporation maintains its headquarters...." *Hertz Corp. v. Friend,* 559 U.S. 77, 92–93 (2010).

11. Roundy's Supermarkets is a corporation that is organized under the law of the State of Wisconsin. Its principal place of business is located in Wisconsin. (Declaration of Kathleen Toohey, attached hereto as **Exhibit B**). As a result, Roundy's Supermarkets is a citizen of the State of Wisconsin for purposes of diversity jurisdiction. Minimal diversity therefore exists under 28 U.S.C. § 1332(d)(2)(A). *Lewert v. P.F. Chang's China Bistro, Inc*., 819 F.3d 963, 965–66 (7th Cir. 2016) (minimal diversity existed such that court had CAFA jurisdiction because the class representatives were citizens of Illinois, while the defendant was a Delaware corporation with its principal place of business in Arizona).

12. Although Roundy's Supermarkets' status as a Wisconsin citizen is sufficient to establish CAFA jurisdiction under 28 U.S.C. § 1332(d)(2)(A), defendant Roundy's Illinois is also of diverse citizenship to plaintiff. As an LLC, Roundy's Illinois is deemed to be a citizen of the states in which its members are citizens. *Aken v. Polaris Indus., Inc.*, No. 16-CV-48-WMC, 2016 WL 305064, at *1 (W.D. Wis. Jan. 25, 2016) ("quoting *Camico Mut. Ins. Co. v. Citizens Bank*, 474 F.3d 989, 992 (7th Cir. 2007)). The sole member of Roundy's Illinois is Roundy's Supermarkets, which is a Wisconsin corporation. (Declaration of Kathleen Toohey, Ex. B).

13. As a result, Roundy's Illinois is deemed to be a Wisconsin citizen. Therefore, this defendant is also of diverse citizenship relative to plaintiff.

**The "matter in controversy" aggregated across all the class members' claims meets the CAFA threshold.**

14. The amount in controversy under CAFA is satisfied "if the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2). For purposes of determining the amount in controversy in class actions, CAFA expressly requires that "the claims of the individual members shall be aggregated …" 28 U.S.C. § 1332(d)(6). Plaintiff has not alleged any specific amount of damages. However, based on the allegations contained in the complaint, it is clear that the complaint seeks relief on behalf of the Class that would exceed the sum or value of $5,000,000. (Declaration of William Dowling, Esq., Ex. B).

15. Roundy's Supermarkets currently has over 10,000 employees who work in grocery stores located in the State of Illinois and who have clocked in and clocked out of their shifts using biometric technology. Roundy's Supermarkets also has several hundred or thousand former employees who worked in Illinois stores and clocked in or out of work using biometric technology. (Declaration of Kathleen Toohey, Ex. B). Defendants deny that their timekeeping practices violate the BIPA. Nonetheless, the aggregate value of the BIPA claims held by these employees, who may fall within the putative class definition, plainly exceeds $5,000,000. If the class contained 75% of the current employees who clock in and clock out using a biometric technology, the class recovery would exceed $7,500,000 (7,500 employees times $1,000 in liquidated damages per employee under 740 ILCS Section 14/20). If the class contained 10,000 employees, and damages of $1,000 per class member were awarded, the aggregate award would total $10,000,000. Therefore, the matter-in-controversy threshold under 28 U.S.C. § 1332(d)(2) is met.

**Procedure for Removal**

16. Roundy's Illinois was served with process on April 12, 2017. Defendants are filing this notice within 30 days of the date service was made on Roundy's Illinois. Roundy's Supermarkets has not yet been served. Therefore, this notice of removal is timely.

17. Defendants are filing notice of the removal of this action with the Circuit Court of Cook County in accordance with 28 U.S.C. § 1446(d).

Respectfully submitted:

Roundy's Supermarkets, Inc. and Roundy's Illinois, LLC

By:  /s/ Peter E. Pederson
One of their attorneys

Daniel K. Ryan
Steven M. Puiszis
Peter E. Pederson
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 704-3000 Phone
(312) 704-3001 Fax
dryan@hinshawlaw.com
spuiszis@hinshawlaw.com
ppederson@hinshawlaw.com

**CERTIFICATE OF SERVICE**

The undersigned attorney certifies that on May 11, 2017, he e-filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below. The undersigned also caused a copy of this document to be sent to counsel identified below by U.S. Mail.

    Ilan Chorowsky, Esq.
    Mark Bulgarelli, Esq.
    PROGRESSIVE LAW GROUP, LLC
    1570 Oak Avenue, Suite 103
    Evanston, IL 60201
    Telephone: 312-787-2717
    ilan@progressivelaw.com
    markb@progressivelaw.com

                                                            /s/ Peter E. Pederson

131748273v1 1126