Exhibit A to Notice of Removal



CORPORATION SERVICE COMPANY®

# Notice of Service of Process

**A3M / ALL**
**Transmittal Number: 16504055**
**Date Processed: 04/13/2017**

| | |
|---|---|
| **Primary Contact:** | Venessa C. Wickline Gribble<br>The Kroger Co.<br>1014 Vine Street<br>Cincinnati, OH 45202-1100 |

| | |
|---|---|
| **Electronic copy provided to:** | Traci Murphy |

| | |
|---|---|
| **Entity:** | Roundy's Illinois, LLC<br>Entity ID Number  2845295 |
| **Entity Served:** | Roundy's Illinois, LLC d/b/a Mariano's |
| **Title of Action:** | Norman Baron vs. Roundy's Supermarkets, Inc. |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Class Action |
| **Court/Agency:** | Cook County Circuit Court, Illinois |
| **Case/Reference No:** | 2017CH03281 |
| **Jurisdiction Served:** | Illinois |
| **Date Served on CSC:** | 04/12/2017 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| Sender Information: | Ilan Chorowsky<br>312-787-2717 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

2711 Centerville Road   Wilmington, DE 19808   (888) 690-2882   |   sop@cscglobal.com

| 2120 - Served | |
|---|---|
| 2220 - Not Served | 2221 - Not Served |
| 2320 - Served By Mail | 2321 - Served By Mail |
| 2420 - Served By Publication | 2421 - Served By Publication |
| Summons - Alias Summons | |

(01/25/17) CCG N001

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

NORMAN BARON, individually and on behalf of all others similarly situated

(Name all parties)

v.

ROUNDY'S SUPERMARKETS, INC. and ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S

No. _____

2017CH03281
CALENDAR/ROOM 05
TIME 00:00
Class Action

## ⊙ SUMMONS ○ ALIAS SUMMONS

To each Defendant:

YOU ARE SUMMONED and required to file an answer to the complaint in this case, a copy of which is hereto attached, or otherwise file your appearance, and pay the required fee, in the Office of the Clerk of this Court at the following location:

- ☑ Richard J. Daley Center, 50 W. Washington, Room __1001__, Chicago, Illinois 60602
- ☐ District 2 - Skokie
  5600 Old Orchard Rd.
  Skokie, IL 60077
- ☐ District 3 - Rolling Meadows
  2121 Euclid
  Rolling Meadows, IL 60008
- ☐ District 4 - Maywood
  1500 Maybrook Dr.
  Maywood, IL 60153
- ☐ District 5 - Bridgeview
  10220 S. 76th Ave.
  Bridgeview, IL 60455
- ☐ District 6 - Markham 16501
  S. Kedzie Pkwy. Markham,
  IL 60428
- ☐ Child Support: 50 W.
  Washington, LL-01,
  Chicago, IL 60602

You must file within 30 days after service of this Summons, not counting the day of service.

IF YOU FAIL TO DO SO, A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE RELIEF REQUESTED IN THE COMPLAINT.

To the Officer:

This Summons must be returned by the officer or other person to whom it was given for service, with endorsement of service and fees, if any, immediately after service. If service cannot be made, this Summons shall be returned so endorsed. This Summons may not be served later than thirty (30) days after its date.

☑ Atty. No.: __47470__

Name: __Progressive Law Group, LLC__

Atty. for: __Plaintiff, Norman Baron__

Address: __1570 Oak Ave. Suite 103__

City/State/Zip Code: __Evanston, IL 60201__

Telephone: __312-787-2717__

Primary Email: _____

Secondary Email: _____

Tertiary Email: _____

Witness: **DOROTHY BROWN** MAR 07 2017

_____
DOROTHY BROWN, Clerk of Court

Date of Service: _____
(To be inserted by officer on copy left with Defendant or other person)

**Service by Facsimile Transmission will be accepted at:

_____
(Area Code)  (Facsimile Telephone Number)

## DOROTHY BROWN, CLERK OF THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## CHANCERY DIVISION

NORMAN BARON, individually and on )
behalf of all others similarly situated, )
                                 )
              Plaintiff, )
                                 )
    v.                             )   No.
                                   )
                                   )
ROUNDY'S SUPERMARKETS, INC. and )
ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S, )
                                   )
              Defendants. )

```
2017CH03281
CALENDAR/ROOM 05
TIME 00:00
Class Action
```

## CLASS ACTION COMPLAINT

Plaintiff, Norman Baron, individually and on behalf of all others similarly situated, by his attorneys, alleges, upon personal knowledge as to facts known to Plaintiff, and upon information and belief following investigation of counsel, as follows:

### INTRODUCTION

1.    Defendants—or, individually and collectively, "Roundy's"—multi-state operators of retail supermarkets and grocery stores, require employees to use a biometric fingerprint time clock, but they do so in Illinois in violation of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq*. ("BIPA" or the "Act").

2.    Roundy's employees in Illinois have been required to clock "in" and "out" of their work shifts by swiping an identification card and scanning their fingerprints, and Roundy's biometric computer systems then verify the employee and clock the employee "in" or "out."

3.    BIPA expressly obligates Roundy's to obtain an executed, written release from an individual, as a condition of employment, in order to capture, collect and store an individual's biometric identifiers, especially a fingerprint, and biometric information derived from it.

4.     BIPA further obligates Roundy's to inform its employees in writing that a biometric identifier or biometric information is being collected or stored; to tell its employees in writing for how long it will store their biometric fingerprint data or information and any purposes for which biometric information is being captured, collected, and used; and to make available a written policy disclosing when it will permanently destroy such information.

5.     BIPA makes all of these requirements a *precondition* to the collection or recording of fingerprints and associated biometric information – under the Act, no biometric identifiers or information may be captured, collected, stored or recorded if these pre-capture, pre-collection requirements are not met.

6.     The State of Illinois takes the privacy of biometric data seriously.  There is no realistic way, absent surgery, to reassign someone's biometric data.  A person can obtain a new social security number, but not a new fingerprint, which makes the protection of, and control over, biometric data particularly important – particularly given the increasing use of biometric information or identifiers in the stream of commerce and financial transactions.

7.     Roundy's fingerprinted [1] Illinois employees like Plaintiff without properly obtaining the above-described written executed release, and without making the required disclosures concerning the collection, storage, use, or destruction of biometric identifiers or information.

8.     Plaintiff seeks damages and injunctive relief for Roundy's BIPA violations, for himself and similarly situated Roundy's employees in the State of Illinois.

## PARTIES, JURISDICTION, AND VENUE

9.     Defendant Roundy's Illinois, LLC does business in Illinois as Mariano's and

---

[1] "Fingerprint" herein refers to a fingerprint, hand scan, or finger-scan as set forth in the BIPA.

operates grocery stores or supermarkets in this State.

10.  Defendant Roundy's Supermarkets, Inc. likewise operates retail stores in this State, including grocery stores and supermarkets such as Mariano's stores. According to its website, "Roundy's Supermarkets, Inc. is a retail grocery company headquartered in Milwaukee, Wisconsin. We serve customers throughout Wisconsin and in the greater Chicago area. We operate four retail banners." One of the four listed banners is Mariano's. http://www.roundys.com/Home.gsn, last visited January 30, 2017. Roundy's Supermarkets, Inc. maintains Mariano's employee files. It is the member manager of Roundy's Illinois, LLC and a subsidiary that operates supermarkets for Kroger Co.

11.  Defendants regularly do business in the State of Illinois and have employed Plaintiff and similarly situated employees in Cook County, Illinois.

12.  Plaintiff resided in Cook County, Illinois and worked at Defendants' Mariano's supermarket in Hoffman Estates, Cook County, Illinois, at relevant times when Defendants employed him and performed acts and omissions giving rise to his claims.

13.  Defendants transacted business related to the matters complained of herein, and made or performed related contracts substantially connected with this State and Cook County. Transactions and conduct giving rise to the pleaded claims occurred in Cook County, Illinois.

## SUBSTANTIVE ALLEGATIONS

### *The Biometric Information Privacy Act*

14.  BIPA defines "biometric identifiers" or "biometric information" (individually and collectively herein, "biometrics") as fingerprints, a scan of hand geometry, and any "information" based on such "identifiers" that is used to identify an individual. 740 ILCS §

3

14/10.[2]

15.     The law is specifically designed to require a company that collects biometrics to jump through several hoops, *before collection*, aimed, in part, at educating and protecting the person whose biometrics it is taking for its own use, and requiring signed, written consent attesting that the individual has been properly informed and has freely consented to biometrics collection.

16.     BIPA provides valuable privacy rights, protections, and benefits to employees. For example, these requirements ensure that the environment for taking of biometrics is not forced or coerced; that individuals are freely advised that, by scanning one's finger, the employer is capturing, extracting, creating and recording fingerprint biometrics; that individuals can keep tabs on their biometric roadmaps (*e.g.,* who has their biometrics, for long how, and how it is being used), including after one's employment ceases, or after the employer stops storing the employee's biometrics if at all, when employer-employee files or policies may not be freely accessible; that individuals can evaluate the potential consequences of providing their biometrics; that companies must give individuals the right, and opportunity, to freely consent (or decline consent) before taking their biometrics; that, if the disclosure doesn't say so, the employee's biometrics won't be used for any other purpose except for employee time and attendance and won't be used to run a criminal background check; and that their biometrics are being handled with a measure of security. The BIPA-required environment for the taking of biometrics provides legislatively-imposed peace for biometric subjects.

17.     BIPA thus provides statutory damages if an employer takes an employee's biometrics and invades an employee's privacy by circumventing BIPA's preconditions and

---

[2] "Biometrics" or "Biometric identifiers and information" refer to "biometric identifiers" and/or "biometric information" within the meaning of BIPA, 740 ILCS § 14/10.

requirements.

18.     In enacting BIPA, the Illinois General Assembly explicitly singled out and bound employers to BIPA's requirements.  740 ILCS § 14/10 (defining "Written release" in the context of employment); 740 ILCS § 14/15(b)(3).

19.     In fact, BIPA requires express written consent not only in order to capture or collect biometrics in the first place, but in the context of employment, the requirement goes a step further: the employer must obtain "informed written consent," in the form of "a release executed by an employee," and further, the release must be executed "as a condition of employment." *Id.*  These formalized protections enable employees to freely consent to the taking of their biometrics.

### *Defendants' Biometric Finger-Scanning of Employees*

20.     Roundy's owns and operates supermarkets or grocery stores in Illinois.

21.     At relevant times, Defendants have taken the rather invasive, and coercive step of requiring employees to be fingerprinted, and then using biometrics captured or converted from those fingerprints to identify the employee and track employee work time.

22.     After an employee's fingerprint is taken or scanned, employees are subsequently required to scan their finger into one of Defendants' biometric time clocks when they clock in or out at work.

23.     Defendants capture, collect, record, and store the employee's biometrics in order to verify the authenticity of the employee who is clocking in or out.  Moreover, Roundy's causes these biometrics to be associated with employees, along with other employee personal and work information.  Employee swipe cards containing personal information are used in conjunction with finger scanning to clock in or out.

24. Roundy's has a practice of using biometric time clocks to track its employees, albeit without regard to Illinois' requirements under BIPA.

25. As part of the employee time-clocking process, Roundy's caused biometrics from employee fingerprints to be recorded, collected and stored at relevant times.

26. Roundy's has not, on information and belief properly informed its employees in writing that a biometric identifier or biometric information is being recorded, obtained, collected or stored; informed its employees in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; obtained employees' proper written consent to the recording, collection, obtainment or storage of their biometric identifier and biometric information derived from it; or obtained employees' executed written release as a condition of employment.

27. Defendants employed Plaintiff as a food server at a Mariano's supermarket in Hoffman Estates, Illinois, from approximately 2013 until October 2016. At relevant times including until the date of Plaintiff's voluntary termination of employment in 2016, Defendants instituted and enforced a biometric time clock scheme whereby they initially took Plaintiff's fingerprint, and subsequently required Plaintiff to scan his finger when clocking in and out of work, pursuant to which Defendants collected, captured, and otherwise obtained Plaintiff's fingerprint and the biometrics derived from it.

28. Defendants imposed the biometric timekeeping system upon Plaintiff after Plaintiff already had accepted Defendants' offer of employment, and not as a condition of employment.

29. When Plaintiff arrived for work, and when he left or clocked in or out of work, at relevant times during his employment, Roundy's required him to submit his fingerprint to its

timekeeping computer system. The system captured, collected, extracted, recorded, stored and used his biometrics. Roundy's further required Plaintiff to scan his fingerprint and swipe an identification card in order to use the biometric system, so that the timekeeping system captured, collected and matched his fingerprint biometrics, and associated his biometrics with his identity.

30. Roundy's did not at any time, on information and belief: inform him in writing (or otherwise) that a biometric identifier and biometric information was being recorded, obtained, collected or stored, or of the specific purposes and length of term for which a biometric identifier or biometric information was being collected, stored, and used; obtain, or attempt to obtain, his executed written release to have his fingerprint, or fingerprint biometrics, taken as a condition of employment—Plaintiff not provide consent required by BIPA to the capture, collect, store, or use of Plaintiff's fingerprint or associated biometrics. Nor did Plaintiff know or fully understand that Defendants were collecting and storing biometrics when he was scanning his finger; nor did he or could he know all of the uses or purposes for which his biometrics were taken, recorded and stored.

31. Roundy's has not publicly disclosed its retention schedule and guidelines for permanently destroying employee biometrics, if they exist. Roundy's, on information and belief, has no written policy, made available to the public, that discloses its retention schedule and or guidelines for retaining and then permanently destroying biometric identifiers and information.

32. Roundy's' above-described use of biometrics benefits only Roundy's. There is no corresponding benefit to employees: Roundy's has required, or coerced, employees to comply in order to receive a paycheck, after they have committed to the job and become dependent on a Roundy's paycheck.

## CLASS ALLEGATIONS

33.    Plaintiff brings this action on behalf of himself and pursuant to 735 ILCS § 5/2-801 on behalf of the Class defined as follows:

> All Roundy's employees in the State of Illinois whom Roundy's fingerprinted or finger-scanned when clocking in or out of work.

Excluded from the Class are Defendant's officers, directors, and employees, Plaintiff's counsel, and any member of the judiciary presiding over this action.[3]

34.    The Class is so numerous that joinder of all Class members is impracticable.

35.    Questions of fact or law are common to the Class, predominate over any questions affecting only individual members, and frame issues for class-wide adjudication, including, by way of example, as follows:

      a.    Did Roundy's have a practice of capturing or collecting Class member biometrics;

      b.    Did Roundy's develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Roundy's, whichever occurs first;

      c.    Did Roundy's obtain an executed written release from fingerprinted employees before capturing, collecting, or otherwise obtaining employee biometrics;

---

[3] Plaintiff reserves the right to amend the class definition or allege a Subclass as appropriate or pursuant to discovery.

d.     Did Roundy's obtain an executed written release from fingerprinted employees, as a condition of employment, before capturing, collecting, converting, sharing, storing or using employee biometrics?

e.     In order to collect biometrics, did Roundy's provide a writing disclosing to employees the specific purposes for which the biometrics are being collected, stored, and used;

f.     In order to collect biometrics, did Roundy's provide a writing disclosing to fingerprinted employees the length of time for which the biometrics are being collected, stored, and used;

g.     Does Roundy's' conduct violate BIPA;

h.     Are Plaintiff and the Class entitled to damages, and what is the proper measure thereof?

i.     Are Plaintiff and the Class entitled to injunctive relief?

36.     Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to the Class; and Plaintiff has retained counsel experienced in class action litigation.

37.     A class action provides a manageable method for fairly and efficiently adjudicating this controversy because, among other things, addressing the common issues in one action will aid judicial administration and many members of the Class cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendants.

## COUNT I

## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
## (Damages)

38.     Plaintiff, individually and on behalf of all others similarly situated, repeats and re-alleges the preceding allegations as though fully set forth herein.

39.     BIPA is a remedial statute designed to protect employees, by requiring consent and disclosures associated with the handling of biometrics, particularly in the context of fingerprint technology. 740 ILCS §§ 14/5(g), 14/10, and 14/15(b)(3).

40.     The Illinois General Assembly's recognition of the importance of the public policy and benefits underpinning BIPA's enactment, and the regulation of biometrics collection, is detailed in the text of the statute itself. *E.g.,* 740 ILCS § 14/5(a), (c), (d), (f), (g).

41.     Roundy's has been a "private entity" in possession of Plaintiff's and other employees' biometrics, and it collected and captured their biometric identifiers and biometric information within the meaning of the Act.

42.     As more fully set forth above, at relevant times Roundy's recorded, collected, and stored Plaintiff's and other employees' biometric identifiers and biometric information based on those identifiers as defined by BIPA, 740 ILCS § 14/10, through the imposition of biometric time clocks.

43.     Section 14/15(a) of the BIPA provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

44.     In violation of Section 14/15(a), Roundy's failed to make such a written policy publicly available to Plaintiff and other Class members.

45.     Section 14/15(b) of the BIPA provides that:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

46.     In violation of Section 14/15(b), Roundy's has collected, captured, stored  or obtained Plaintiff's and other Class members' biometric identifiers and biometric information, without:

> (i)     informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, that the biometric identifiers or biometric information were being recorded, obtained, collected or stored;

> (ii)    informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, of the specific purpose and length of term for which the biometric identifiers or biometric information were being collected, stored, and used; and

> (iii)   receiving a written release executed by Plaintiff and the Class, and executed by them as a condition of employment.

47.     Roundy's took Plaintiff and other Class members' fingerprints, and knowingly caused their biometrics  to be captured, collected, recorded, and stored, without making publicly

11

available the required policy that explains, for example, any purposes for which the biometric identifiers and information were collected, a retention schedule, and guidelines for permanently destroying biometric identifiers and information.

48.     Roundy's above-described conduct is negligent.  As a result of Roundy's above-described acts and omissions, Roundy's has invaded the privacy of Plaintiff and the Class; it has unlawfully and coercively taken their biometrics; it has failed to provide them with information required by BIPA; it has deprived them of benefits, rights, opportunities and decisions conferred and required by the Illinois legislature via BIPA; and it illegally recorded, possessed, converted and stored their fingerprints, biometrics and property.

49.     Accordingly, Defendants have negligently violated the BIPA, and Plaintiff and the Class have been damaged and are entitled to damages available under the BIPA, including liquidated damages of $1,000 or actual damages, whichever is greater.  740 ILCS § 14/20(1).

### COUNT II

### VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
### (Injunctive Relief)

50.     Plaintiff, individually and on behalf of all others similarly situated,  repeats and re-alleges the preceding allegations as though fully set forth herein.

51.     BIPA provides for injunctive relief.  740 ILCS § 14/20(4).

52.     Plaintiff and other Class members are entitled to an order requiring Roundy's to make disclosures consistent with the Act and enjoining further unlawful conduct.

53.     First, Plaintiff seeks an order requiring Roundy's to publicly disclose a written policy establishing any specific purpose and length of term for which Plaintiff's and other employees' biometrics have been collected, stored, and used, as well as guidelines for permanently destroying such biometrics when the initial purpose for collecting or obtaining such

identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first, as required by 740 ILCS § 14/15(a).

54.     Second, Plaintiff seeks an order requiring Roundy's to disclose whether Roundy's has retained Plaintiff's and other employees' biometrics in any fashion, and if, when, and how such biometrics were permanently destroyed, consistent with BIPA.

55.     Third, due to the above-described facts, and Roundy's failure to make publicly available facts demonstrating BIPA compliance as BIPA requires, Roundy's should be ordered to: (i) disclose if (and if, precisely how, and to whom) it has disseminated, sold, leased, traded, or otherwise profited from Plaintiff's and other fingerprinted employees' biometrics, which is strictly prohibited under BIPA; and (ii) disclose the standard of care that it employed to store, transmit, and protect such biometrics, as provided under BIPA. 740 ILCS § 14/15(c), (d), (e).

56.     Fourth, Roundy's should be enjoined from further BIPA non-compliance, and should be ordered to remedy any BIPA compliance deficiencies forthwith.

57.     Plaintiff and other Class members' legal interests are adverse to Roundy's. There is a substantial controversy between Plaintiff and Roundy's warranting equitable relief so that Plaintiff and the Class may obtain the protections that BIPA entitles them to receive.

58.     Plaintiff and the Class do not know what Roundy's has done (or intends to do) with their biometrics. Absent injunctive relief, Roundy's is likely to continue its BIPA non-compliance and Plaintiff and other Class members will continue to be in the dark on the subject.

59.     For the reasons set forth above, Plaintiff is likely to succeed on the merits of his claims.

60.     BIPA establishes the importance, value, and sensitive nature of biometrics, along with the need to protect and control it; Plaintiff is entitled to know what Roundy's has done with

it as set forth above, and to an affirmation and verification that it has been permanently destroyed as required by 740 ILCS § 14/15(a).

61.     The gravity of the harm to Plaintiff and the Class, absent equitable relief, outweighs any harm to Roundy's if such relief is granted.

62.     As a result, Plaintiff requests commensurate injunctive relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays that the Court grant the following relief:

a.     Certify the Class, and designate Plaintiff as Class representative and his counsel as Class counsel;

b.     Find that Defendant has violated the Biometric Information Privacy Act, and enter judgment in favor of Plaintiff and others similarly situated;

c.     Award all damages available to Plaintiff and the Class under applicable law, including statutory damages;

d.     Provide commensurate injunctive relief for Plaintiff and the Class as set forth above; and

e.     Award reasonable attorney's fees and costs.

Respectfully submitted,

Norman Baron, individually and on behalf of all others similarly situated

By: _____
        One of Plaintiff's Counsel

Ilan Chorowsky, Esq.
Mark Bulgarelli, Esq.
PROGRESSIVE LAW GROUP LLC
1570 Oak Avenue, Suite 103
Evanston, IL 60201
312-787-2717 (voice)

14