**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **NORMAN BARON, individually and on behalf of all others similarly situated,** | ) ) ) | |
| **Plaintiff,** | ) ) | |
| | ) | **Judge Durkin** |
| **v.** | ) ) | **No. 1:17-cv-03588** |
| **ROUNDY'S SUPERMARKETS, INC. and ROUNDY'S ILLINOIS, LLC d/b/a MARIANO'S,** | ) ) ) ) | |
| **Defendants.** | ) | |

### ANSWER AND AFFIRMATIVE DEFENSES TO CLASS ACTION COMPLAINT

Defendants, ROUNDY'S SUPERMARKETS, INC. and ROUNDY'S ILLINOIS, LLC, state as follows for their Answer and Affirmative Defenses to Plaintiff's Class Action Complaint:

### INTRODUCTION

1.     Defendants – or, individually and collectively, "Roundy's" – multi-state operators, of retail supermarkets and grocery stores, require employees to use a biometric fingerprint time clock, but they do so in Illinois in violation of the Illinois Biometric Information Privacy Act, 740 ILCS § 14/1 *et seq.* ("BIPA" or the "Act").

**ANSWER:     Defendants admit that they operate retail grocery stores in Wisconsin and Illinois. Defendants deny the remaining allegations in ¶1.**

2.     Roundy's employees in Illinois have been required to clock "in" and "out" of their work shifts by swiping an identification card and scanning their fingerprints, and Roundy's biometric computer systems then verify the employee and clock the employee "in" or "out."

**ANSWER:     Defendants admit that their employees are required to clock in and out of their shifts using a time clock, but defendants deny that their time clock system**

300046267v1 0998334

employs a "biometric identifier" or "biometric information" as those terms are defined in the Illinois Biometric Information Privacy Act, 740 ILCS § 14/10 ("BIPA"). Defendants deny the remaining allegations in ¶2.

3.      BIPA expressly obligates Roundy's to obtain an executed, written release from an individual, as a condition of employment, in order to capture, collect and store an individual's biometric identifiers, especially a fingerprint, and biometric information derived from it.

**ANSWER:   Defendants admit the existence of BIPA and the requirements set forth in the statute, but defendants deny that their time clock system uses a biometric identifier or biometric information or is otherwise subject to BIPA. Defendants deny the remaining allegations in ¶3.**

4.      BIPA further obligates Roundy's to inform its employees in writing that a biometric identifier or biometric information is being collected or stored; to tell its employees in writing for how long it will store their biometric fingerprint data or information and any purposes for which biometric information is being captured, collected, and used; and to make available a written policy disclosing when it will permanently destroy such information.

**ANSWER:   Defendants deny the allegations in ¶4 because their time clock system does not use a biometric identifier or biometric information as those terms are defined in BIPA.**

5.      BIPA makes all of these requirements a *precondition* to the collection or recording of fingerprints and associated biometric information — under the Act, no biometric identifiers or information may be captured, collected, stored or recorded if these pre-capture, pre-collection requirements are not met.

2

**ANSWER:** Defendants admit the existence of BIPA and its requirements, but deny the allegations in ¶5 because their time clock system does not use a biometric identifier or biometric information as those terms are defined in the BIPA.

6. The State of Illinois takes the privacy of biometric data seriously. There is no realistic way, absent surgery, to reassign someone's biometric data. A person can obtain a new social security number, but not a new fingerprint, which makes the protection of, and control over, biometric data particularly important — particularly given the increasing use of biometric information or identifiers in the stream of commerce and financial transactions.

**ANSWER:** Defendants lack information or knowledge sufficient to form a belief as to the truth of the allegations in ¶6.

7. Roundy's fingerprinted[1] Illinois employees like Plaintiff without properly obtaining the above-described written executed release, and without making the required disclosures concerning the collection, storage, use, or destruction of biometric identifiers or information.

**ANSWER:** Defendants deny the allegations in ¶7. Defendants also deny that plaintiff's definition of the term "fingerprint" in footnote 1 is consistent with the meaning the term has under BIPA.

8. Plaintiff seeks damages and injunctive relief for Roundy's BIPA violations, for himself and similarly situated Roundy's employees in the State of Illinois.

**ANSWER:** Defendants admit that plaintiff seeks relief under BIPA. Defendants deny that plaintiff is entitled to such relief and further deny that they violated BIPA.

---

[1] "Fingerprint" herein refers to a fingerprint, hand scan, or finger-scan as set forth in the BIPA.

3

## PARTIES, JURISDICTION, AND VENUE

9.      Defendant Roundy's Illinois, LLC does business in Illinois as Mariano's and operates grocery stores or supermarkets in this State.

**ANSWER:     Defendants admit the allegations in ¶9.**

10.     Defendant Roundy's Supermarkets, Inc. likewise operates retail stores in this State, including grocery stores and supermarkets such as Mariano's stores. According to its website, "Roundy's Supermarkets, Inc. is a retail grocery company headquartered in Milwaukee, Wisconsin. We serve customers throughout Wisconsin and in the greater Chicago area. We operate four retail banners." One of the four listed banners is Mariano's. http://www.roundys.com/Home.gsn, last visited January 30, 2017. Roundy's Supermarkets, Inc. maintains Mariano's employee files. It is the member manager of Roundy's Illinois, LLC and a subsidiary that operates supermarkets for Kroger Co.

**ANSWER:     Defendants admit that Roundy's Supermarkets, Inc. operates certain retail grocery stores under the Mariano's name in the State of Illinois through its wholly-owned subsidiary Roundy's Illinois, LLC. Defendants admit that ¶10 quotes a portion of the text that appeared on the www.roundys.com web page in January 2017 and that Mariano's was one of the four banners listed on the web page then. Defendants admit that Roundy's Supermarkets, Inc. is a wholly owned subsidiary of Kroger Co. Defendants admit that Roundy's Supermarkets, Inc. is the sole member of Roundy's Illinois, LLC. Defendants deny the remaining allegations in ¶10.**

4

11.     Defendants regularly do business in the State of Illinois and have employed Plaintiff and similarly situated employees in Cook County, Illinois.

**ANSWER:     Defendants admit that they do business in the State of Illinois and that Roundy's Illinois, LLC is the former employer of plaintiff. Defendants deny the remaining allegations in ¶11.**

12.     Plaintiff resided in Cook County, Illinois and worked at Defendants' Mariano's supermarket in Hoffman Estates, Cook County, Illinois, at relevant times when Defendants employed him and performed acts and omissions giving rise to his claims.

**ANSWER:     Defendants admit that plaintiff worked at the Mariano's Hoffman Estates location. Defendants admit on information and belief that plaintiff resided in Cook County. Defendants deny the remaining allegations in ¶12.**

13.     Defendants transacted business related to the matters complained of herein, and made or performed related contracts substantially connected with this State and Cook County. Transactions and conduct giving rise to the pleaded claims occurred in Cook County, Illinois.

**ANSWER:     Defendants admit that Roundy's Illinois, LLC engaged in activity relating to plaintiff's employment by Roundy's Illinois, LLC in the State of Illinois and County of Cook. Defendants deny the remaining allegations in ¶13.**

## SUBSTANTIVE ALLEGATIONS

### The Biometric Information Privacy Act

14.     BIPA defines "biometric identifiers" or "biometric information" (individually and collectively herein, "biometrics") as fingerprints, a scan of hand geometry, and any

300046267v1 0998334

"information" based on such "identifiers" that is used to identify an individual. 740 ILCS § 14/10.[2]

**ANSWER:** **Defendants deny that ¶14 accurately summarizes or paraphrases the provisions of BIPA. Defendants deny the remaining allegations in ¶14.**

15.     The law is specifically designed to require a company that collects biometrics to jump through several hoops, *before collection*, aimed, in part, at educating and protecting the person whose biometrics it is taking for its own use, and requiring signed, written consent attesting that the individual has been properly informed and has freely consented to biometrics collection.

**ANSWER:** **Defendants deny that ¶15 accurately summarizes or paraphrases the provisions of BIPA. Defendants deny the remaining allegations in ¶15.**

16.     BIPA provides valuable privacy rights, protections, and benefits to employees. For example, these requirements ensure that the environment for taking of biometrics is not forced or coerced; that individuals are freely advised that, by scanning one's finger, the employer is capturing, extracting, creating and recording fingerprint biometrics; that individuals can keep tabs on their biometric roadmaps (*e.g.*, who has their biometrics, for long how, and how it is being used), including after one's employment ceases, or after the employer stops storing the employee's biometrics if at all, when employer-employee files or policies may not be freely accessible; that individuals can evaluate the potential consequences of providing their biometrics; that companies must give individuals the right, and opportunity, to freely consent (or decline consent) before taking their biometrics; that, if the disclosure doesn't say so, the employee's biometrics won't be used for any other purpose except for employee time and

---

[2] "Biometrics" or "Biometric identifiers and information" refer to "biometric identifiers" and/or "biometric information" within the meaning of BIPA, 740 ILCS § 14/10.

300046267v1 0998334

attendance and won't be used to run a criminal background check; and that their biometrics are being handled with a measure of security. The BIPA-required environment for the taking of biometrics provides legislatively-imposed peace for biometric subjects.

**ANSWER:** **Defendants deny that ¶16 accurately summarizes or paraphrases the provisions of BIPA. Defendants deny the remaining allegations in ¶16.**

17.     BIPA thus provides statutory damages if an employer takes an employee's biometrics and invades an employee's privacy by circumventing BIPA's preconditions and requirements.

**ANSWER:** **Defendants deny that ¶17 accurately summarizes or paraphrases the provisions of BIPA. Defendants deny the remaining allegations in ¶17.**

18.     In enacting BIPA, the Illinois General Assembly explicitly singled out and bound employers to BIPA's requirements. 740 ILCS § 14/10 (defining "Written release" in the context of employment); 740 ILCS § 14/15(b)(3).

**ANSWER:** **Defendants admit that, by its terms, BIPA imposes certain requirements on employers that collect or capture biometric identifiers or biometric information, and that 740 ILCS § 14/10 defines "written release" in the context of employment. Defendants deny the remaining allegations in ¶18.**

19.     In fact, BIPA requires express written consent not only in order to capture or collect biometrics in the first place, but in the context of employment, the requirement goes a step further: the employer must obtain "informed written consent," in the form of "a release executed by an employee," and further, the release must be executed "as a condition of employment." *Id.* These formalized protections enable employees to freely consent to the taking of their biometrics.

7

**ANSWER:** Defendants admit that BIPA provides that no private entity may collect or capture a person's biometric identifier or biometric information unless it first receives a written release, and in the context of employment "written release" is defined as a "release executed by an employee as a condition of employment." Defendants admit the existence of BIPA and the requirements it imposes, but deny the remaining allegations in ¶20.

### *Defendants' Biometric Finger-Scanning of Employees*

20. Roundy's owns and operates supermarkets or grocery stores in Illinois.

**ANSWER:** Defendants admit that they operate retail grocery stores in the State of Illinois. Defendants deny the remaining allegations in ¶20.

21. At relevant times, Defendants have taken the rather invasive, and coercive step of requiring employees to be fingerprinted, and then using biometrics captured or converted from those fingerprints to identify the employee and track employee work time.

**ANSWER:** Defendants deny the allegations in ¶21.

22. After an employee's fingerprint is taken or scanned, employees are subsequently required to scan their finger into one of Defendants' biometric time clocks when they clock in or out at work.

**ANSWER:** Defendants deny the allegations in ¶22 because their time clock system does not use a fingerprint.

23. Defendants capture, collect, record, and store the employee's biometrics in order to verify the authenticity of the employee who is clocking in or out. Moreover, Roundy's causes these biometrics to be associated with employees, along with other employee personal and work information. Employee swipe cards containing personal information are used in conjunction with finger scanning to clock in or out.

300046267v1 0998334

**ANSWER:** **Defendants admit that their time clock system identifies employees using a scan of a portion of an employee's finger; defendants deny that a fingerprint is used. Defendants deny the remaining allegations in ¶23.**

24.     Roundy's has a practice of using biometric time clocks to track its employees, albeit without regard to Illinois' requirements under BIPA.

**ANSWER:** **Defendants deny the allegations in ¶24.**

25.     As part of the employee time-clocking process, Roundy's caused biometrics from employee fingerprints to be recorded, collected and stored at relevant times.

**ANSWER:** **Defendants deny the allegations in ¶25.**

26.     Roundy's has not, on information and belief properly informed its employees in writing that a biometric identifier or biometric information is being recorded, obtained, collected or stored; informed its employees in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; obtained employees' proper written consent to the recording, collection, obtainment or storage of their biometric identifier and biometric information derived from it; or obtained employees' executed written release as a condition of employment.

**ANSWER:** **Defendants deny the allegations in ¶26.**

27.     Defendants employed Plaintiff as a food server at a Mariano's supermarket in Hoffman Estates, Illinois, from approximately 2013 until October 2016. At relevant times including until the date of Plaintiff's voluntary termination of employment in 2016, Defendants instituted and enforced a biometric time clock scheme whereby they initially took Plaintiff's fingerprint, and subsequently required Plaintiff to scan his finger when clocking in and out of

work, pursuant to which Defendants collected, captured, and otherwise obtained Plaintiff's fingerprint and the biometrics derived from it.

**ANSWER:    Defendants admit that plaintiff was employed by Roundy's Illinois, LLC and worked at a retail grocery store in Hoffman Estates from approximately November 8, 2013 through a date in 2016. Defendants deny the remaining allegations in ¶27.**

28.    Defendants imposed the biometric timekeeping system upon Plaintiff after Plaintiff already had accepted Defendants' offer of employment, and not as a condition of employment.

**ANSWER:    Defendants deny the allegations in ¶28.**

29.    When Plaintiff arrived for work, and when he left or clocked in or out of work, at relevant times during his employment, Roundy's required him to submit his fingerprint to its timekeeping computer system. The system captured, collected, extracted, recorded, stored and used his biometrics. Roundy's further required Plaintiff to scan his fingerprint and swipe an identification card in order to use the biometric system, so that the timekeeping system captured, collected and matched his fingerprint biometrics, and associated his biometrics with his identity.

**ANSWER:    Defendants deny the allegations in ¶29 because they did not capture, collect, or otherwise use a biometric identifier or biometric information associated with plaintiff.**

30.    Roundy's did not at any time, on information and belief: inform him in writing (or otherwise) that a biometric identifier and biometric information was being recorded, obtained, collected or stored, or of the specific purposes and length of term for which a biometric identifier or biometric information was being collected, stored, and used; obtain, or attempt to obtain, his

300046267v1 0998334

executed written release to have his fingerprint, or fingerprint biometrics, taken as a condition of employment—Plaintiff not provide consent required by BIPA to the capture, collect, store, or use of Plaintiffs fingerprint or associated biometrics. Nor did Plaintiff know or fully understand that Defendants were collecting and storing biometrics when he was scanning his finger; nor did he or could he know all of the uses or purposes for which his biometrics were taken, recorded and stored.

**ANSWER:** **Defendants deny the allegations in ¶30 because they did not capture, collect, or otherwise use a biometric identifier or biometric information associated with plaintiff.**

31. Roundy's has not publicly disclosed its retention schedule and guidelines for permanently destroying employee biometrics, if they exist. Roundy's, on information and belief, has no written policy, made available to the public, that discloses its retention schedule and or guidelines for retaining and then permanently destroying biometric identifiers and information.

**ANSWER:** **Defendants deny the allegations in ¶31.**

32. Roundy's' above-described use of biometrics benefits only Roundy's. There is no corresponding benefit to employees: Roundy's has required, or coerced, employees to comply in order to receive a paycheck, after they have committed to the job and become dependent on a Roundy's paycheck.

**ANSWER:** **Defendants deny the allegations in ¶32.**

## CLASS ALLEGATIONS

33. Plaintiff brings this action on behalf of himself and pursuant to 735 ILCS § 5/2801 on behalf of the Class defined as follows:

> All Roundy's employees in the State of Illinois whom Roundy's
> fingerprinted or finger-scanned when clocking in or out of work.

300046267v1 0998334

Excluded from the Class are Defendant's officers, directors, and employees, Plaintiff's counsel, and any member of the judiciary presiding over this action.[3]

**ANSWER:** **Defendants admit that plaintiff purports to bring this action on behalf of the class defined in ¶33. Defendants deny that plaintiff's claims meet the requirements for class certification. Defendants deny the remaining allegations in ¶33.**

34.    The Class is so numerous that joinder of all Class members is impracticable.

**ANSWER:** **Defendants deny the allegations in ¶34.**

35.    Questions of fact or law are common to the Class, predominate over any questions affecting only individual members, and frame issues for class-wide adjudication, including, by way of example, as follows:

    a.    Did Roundy's have a practice of capturing or collecting Class member biometrics;

    b.    Did Roundy's develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within three years of the individual's last interaction with Roundy's, whichever occurs first;

    c.    Did Roundy's obtain an executed written release from fingerprinted employees before capturing, collecting, or otherwise obtaining employee biometrics;

---

[3] Plaintiff reserves the right to amend the class definition or allege a Subclass as appropriate or pursuant to discovery.

d.      Did Roundy's obtain an executed written release from fingerprinted employees, as a condition of employment, before capturing, collecting, converting, sharing, storing or using employee biometrics?

e.      In order to collect biometrics, did Roundy's provide a writing disclosing to employees the specific purposes for which the biometrics are being collected, stored, and used;

f.      In order to collect biometrics, did Roundy's provide a writing disclosing to fingerprinted employees the length of time for which the biometrics are being collected, stored, and used;

g.      Does Roundy's' conduct violate BIPA;

h.      Are Plaintiff and the Class entitled to damages, and what is the proper measure thereof?

i.      Are Plaintiff and the Class entitled to injunctive relief?

**ANSWER:**    **Defendants deny the allegations in ¶35.**

36.    Plaintiff will fairly and adequately protect the interests of the Class; Plaintiff has no interests antagonistic to the Class; and Plaintiff has retained counsel experienced in class action litigation.

**ANSWER:**    **Defendants deny the allegations in ¶36.**

37.    A class action provides a manageable method for fairly and efficiently adjudicating this controversy because, among other things, addressing the common issues in one action will aid judicial administration and many members of the Class cannot feasibly vindicate their rights by individual suit because the value of their recoveries are outweighed by the burden and expense of litigating against the corporate Defendants.

300046267v1 0998334

**ANSWER:** Defendants deny the allegations in ¶37.

## COUNT I

### VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
### (Damages)

38.     Plaintiff, individually and on behalf of all others similarly situated, repeats and re-alleges the preceding allegations as though fully set forth herein.

**ANSWER:** Defendants restate their responses to the preceding allegations.

39.     BIPA is a remedial statute designed to protect employees, by requiring consent and disclosures associated with the handling of biometrics, particularly in the context of fingerprint technology. 740 ILCS §§ 14/5(g), 14/10, and 14/15(b)(3).

**ANSWER:** Defendants admit that BIPA contains provisions regulating the use of fingerprints used to identify persons. Defendants deny that they violated BIPA and deny all remaining allegations in ¶39.

40.     The Illinois General Assembly's recognition of the importance of the public policy and benefits underpinning BIPA's enactment, and the regulation of biometrics collection, is detailed in the text of the statute itself. *E.g.*, 740 ILCS § 14/5(a), (c), (d), (f), (g).

**ANSWER:** Defendants deny the allegations in ¶40.

41.     Roundy's has been a "private entity" in possession of Plaintiff's and other employees' biometrics, and it collected and captured their biometric identifiers and biometric information within the meaning of the Act.

**ANSWER:** Defendants deny the allegations in ¶41.

42.     As more fully set forth above, at relevant times Roundy's recorded, collected, and stored Plaintiff's and other employees' biometric identifiers and biometric information based on

14

those identifiers as defined by BIPA, 740 ILCS § 14/10, through the imposition of biometric time clocks.

**ANSWER:** **Defendants deny the allegations in ¶42.**

43. Section 14/15(a) of the BIPA provides:

A private entity in possession of biometric identifiers or biometric information must develop a written policy, made available to the public, establishing a retention schedule and guidelines for permanently destroying biometric identifiers and biometric information when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first. Absent a valid warrant or subpoena issued by a court of competent jurisdiction, a private entity in possession of biometric identifiers or biometric information must comply with its established retention schedule and destruction guidelines.

**ANSWER:** **Defendants admit that ¶43 purports to quote § 14/15(a) of BIPA. Defendants deny violating this or any other provision of BIPA.**

44. In violation of Section 14/15(a), Roundy's failed to make such a written policy publicly available to Plaintiff and other Class members.

**ANSWER:** **Defendants deny the allegations in ¶44.**

45. Section 14/15(b) of the BIPA provides that:

No private entity may collect, capture, purchase, receive through trade, or otherwise obtain a person's or a customer's biometric identifier or biometric information, unless it first: (1) informs the subject or the subject's legally authorized representative in writing that a biometric identifier or biometric information is being collected or stored; (2) informs the subject or the subject's legally authorized representative in writing of the specific purpose and length of term for which a biometric identifier or biometric information is being collected, stored, and used; and (3) receives a written release executed by the subject of the biometric identifier or biometric information or the subject's legally authorized representative.

**ANSWER:** **Defendants admit that ¶43 purports to quote § 14/15(b) of BIPA. Defendants deny violating this or any other provision of BIPA**

15

46.     In violation of Section 14/15(b), Roundy's has collected, captured, stored or obtained Plaintiff's and other Class members' biometric identifiers and biometric information, without:

> (i)     informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, that the biometric identifiers or biometric information were being recorded, obtained, collected or stored;
>
> (ii)     informing Plaintiff and the Class (including, where applicable, their legal authorized representatives), in writing, of the specific purpose and length of term for which the biometric identifiers or biometric information were being collected, stored, and used; and
>
> (iii)     receiving a written release executed by Plaintiff and the Class, and executed by them as a condition of employment.

**ANSWER:**     **Defendants deny the allegations in ¶46.**

47.     Roundy's took Plaintiff and other Class members' fingerprints, and knowingly caused their biometrics to be captured, collected, recorded, and stored, without making publicly available the required policy that explains, for example, any purposes for which the biometric identifiers and information were collected, a retention schedule, and guidelines for permanently destroying biometric identifiers and information.

**ANSWER:**     **Defendants deny the allegations in ¶47.**

48.     Roundy's above-described conduct is negligent. As a result of Roundy's above-described acts and omissions, Roundy's has invaded the privacy of Plaintiff and the Class; it has unlawfully and coercively taken their biometrics; it has failed to provide them with information required by BIPA; it has deprived them of benefits, rights, opportunities and decisions conferred

16

and required by the Illinois legislature via BIPA; and it illegally recorded, possessed, converted and stored their fingerprints, biometrics and property.

**ANSWER:** **Defendants deny the allegations in ¶48.**

49.     Accordingly, Defendants have negligently violated the BIPA, and Plaintiff and the Class have been damaged and are entitled to damages available under the BIPA, including liquidated damages of $1,000 or actual damages, whichever is greater. 740 ILCS § 14/20(1).

**ANSWER:** **Defendants deny the allegations in ¶49.**

## COUNT II

## VIOLATIONS OF ILLINOIS BIOMETRIC INFORMATION PRIVACY ACT
(**Injunctive Relief**)

50.     Plaintiff, individually and on behalf of all others similarly situated, repeats and re-alleges the preceding allegations as though fully set forth herein.

**ANSWER:** **Defendants restate their responses to the preceding allegations.**

51.     BIPA provides for injunctive relief. 740 ILCS § 14/20(4).

**ANSWER:** **Defendants admit that BIPA provides that "a prevailing party may recover for each violation … other relief, including an injunction, as the State or federal court may deem appropriate." Defendants deny that they violated BIPA and further deny that injunctive or other relief under BIPA is appropriate.**

52.     Plaintiff and other Class members are entitled to an order requiring Roundy's to make disclosures consistent with the Act and enjoining further unlawful conduct.

**ANSWER:** **Defendants deny the allegations in ¶52.**

53.     First, Plaintiff seeks an order requiring Roundy's to publicly disclose a written policy establishing any specific purpose and length of term for which Plaintiff's and other employees' biometrics have been collected, stored, and used, as well as guidelines for

17

permanently destroying such biometrics when the initial purpose for collecting or obtaining such identifiers or information has been satisfied or within 3 years of the individual's last interaction with the private entity, whichever occurs first, as required by 740 ILCS § 14/15(a).

**ANSWER:** **Defendants admit that plaintiff seeks relief under BIPA. Defendants deny the remaining allegations in ¶53.**

54. Second, Plaintiff seeks an order requiring Roundy's to disclose whether Roundy's has retained Plaintiff's and other employees' biometrics in any fashion, and if, when, and how such biometrics were permanently destroyed, consistent with BIPA.

**ANSWER:** **Defendants admit that plaintiff seeks relief under BIPA. Defendants deny all remaining allegations in ¶54.**

55. Third, due to the above-described facts, and Roundy's failure to make publicly available facts demonstrating BIPA compliance as BIPA requires, Roundy's should be ordered to: (i) disclose if (and if, precisely how, and to whom) it has disseminated, sold, leased, traded, or otherwise profited from Plaintiff's and other fingerprinted employees' biometrics, which is strictly prohibited under BIPA; and (ii) disclose the standard of care that it employed to store, transmit, and protect such biometrics, as provided under BIPA. 740 ILCS § 14/15(c), (d), (e).

**ANSWER:** **Defendants deny the allegations in ¶55.**

56. Fourth, Roundy's should be enjoined from further BIPA non-compliance, and should be ordered to remedy any BIPA compliance deficiencies forthwith.

**ANSWER:** **Defendants deny the allegations in ¶56.**

57. Plaintiff and other Class members' legal interests are adverse to Roundy's. There is a substantial controversy between Plaintiff and Roundy's warranting equitable relief so that Plaintiff and the Class may obtain the protections that BIPA entitles them to receive.

300046267v1 0998334

**ANSWER:**     Defendants deny the allegations in ¶57.

58.     Plaintiff and the Class do not know what Roundy's has done (or intends to do) with their biometrics. Absent injunctive relief, Roundy's is likely to continue its BIPA noncompliance and Plaintiff and other Class members will continue to be in the dark on the subject.

**ANSWER:**     Defendants deny the allegations in ¶58.

59.     For the reasons set forth above, Plaintiff is likely to succeed on the merits of his claims.

**ANSWER:**     Defendants deny the allegations in ¶59.

60.     BIPA establishes the importance, value, and sensitive nature of biometrics, along with the need to protect and control it; Plaintiff is entitled to know what Roundy's has done with it as set forth above, and to an affirmation and verification that it has been permanently destroyed as required by 740 ILCS § 14/15(a).

**ANSWER:**     Defendants deny the allegations in ¶60.

61.     The gravity of the harm to Plaintiff and the Class, absent equitable relief, outweighs any harm to Roundy's if such relief is granted.

**ANSWER:**     Defendants deny the allegations in ¶61.

62.     As a result, Plaintiff requests commensurate injunctive relief.

**ANSWER:**     **Defendants admit that plaintiff seeks relief under BIPA. Defendants deny all remaining allegations in ¶62.**

## FIRST AFFIRMATIVE DEFENSE (CONSENT)

Plaintiff's claims are barred in whole or in part because plaintiff, or individuals with authority to act on his behalf, consented to the conduct alleged to violate BIPA. Plaintiff

300046267v1 0998334

consented to the practices he challenges by expressly or impliedly agreeing to defendants' time clock practices and use of a scan of a portion of his finger.

## SECOND AFFIRMATIVE DEFENSE (DUE PROCESS)

The individual and class claims for damages asserted in this case are barred in whole or in part by the Due Process Clause of the United States Constitution. Plaintiff alleges that he and the putative class members he seeks to represent are entitled to recover $1,000 in statutory damages for each alleged violation of BIPA. Plaintiff and the putative class members have not suffered any harm as a result of the conduct alleged. The statutory damages potentially available under BIPA are grossly excessive and disproportionate in light of the absence of any injury or harm to plaintiff and the putative class members, and therefore any award of statutory damages to the plaintiff or putative class members would violate defendants' due process rights.

## THIRD AFFIRMATIVE DEFENSE (GOOD FAITH)

The claims are barred in whole or in part by defendants' good faith, and the absence of negligent, intentional, or reckless conduct. To the extent that BIPA applies to defendants' conduct, defendants are not liable because they relied in good faith upon a reasonable interpretation of BIPA's statutory language and any alleged violation was not negligent, intentional, or reckless.

## FOURTH AFFIRMATIVE DEFENSE (ESTOPPEL AND WAIVER)

Plaintiff's claims are barred in whole or in part by the doctrines of estoppel and/or waiver. Upon information and belief, plaintiff and the putative class members approved and, in some cases, participated in the conduct plaintiff now complains of. As a result, plaintiff and the putative class members are barred from bringing BIPA claims under the doctrines of estoppel and/or waiver.

300046267v1 0998334

## FIFTH AFFIRMATIVE DEFENSE (LACHES)

The claims are barred in whole or in part by the doctrine of laches. Plaintiff alleges that defendants' alleged collection and use of his biometric information dates back to 2013. Accordingly, plaintiff and the putative class members unreasonably delayed before asserting their purported rights under BIPA.

## SIXTH AFFIRMATIVE DEFENSE (LACK OF STANDING TO PURSUE CLAIMS FOR INJUNCTIVE RELIEF)

Plaintiff and the putative class members lack standing to bring claims for injunctive relief. They are not "aggrieved by a violation of this Act" inasmuch as defendants have not collected, stored, or sold their biometric identifiers and biometric information. Plaintiff does not allege that the identifying information maintained by defendants has been breached or accessed by third parties. Plaintiff does not allege that he is the victim of identity theft due to defendants' practices. Further, it is not possible to construct a biometric identifier such as a fingerprint from the data that defendants have stored and collected.

## SEVENTH AFFIRMATIVE DEFENSE (PLAINTIFF NOT AGGRIEVED)

The claims are barred in whole or in part because plaintiff and the putative class members are not "aggrieved" within the meaning of 740 ILCS 14/20. Upon information and belief, plaintiff and the putative class members have not suffered any injuries, have not incurred any harm, and are not entitled to any legal remedies. Accordingly, they are not "aggrieved" under BIPA and may not seek relief under the statute.

## EIGHTH AFFIRMATIVE DEFENSE (RATIFICATION AND ACQUIESCENCE)

The claims are barred in whole or in part by the doctrines of ratification and acquiescence. Upon information and belief, plaintiff and the putative class members approved and, in some cases, participated in the complained-of conduct, by agreeing to defendants' use of

300046267v1 0998334

the time clock system. As a result, they are barred from bringing their claims under the doctrines of ratification and acquiescence.

## NINTH AFFIRMATIVE DEFENSE (STATUTE OF LIMITATIONS)

The claims are barred in whole or in part because, upon information and belief, plaintiff and the putative class members failed to bring their causes of action with respect to certain of the alleged violations within the periods required by the statutes of limitations. 735 ILCS 5/13-202 (two-year limitations period to recover damages for an alleged injury to the person or a statutory penalty); 735 ILCS 5/13-201 (one-year limitations period for publication of matter violating right of privacy).

## TENTH AFFIRMATIVE DEFENSE (SUBSTANTIAL COMPLIANCE)

The claims are barred in whole or in part because, to the extent that BIPA applies to the conduct alleged (which defendants deny), defendants substantially complied with the requirements of BIPA. BIPA is not implicated by defendants' time clock system and BIPA requirements are satisfied by the disclosures and forms that defendants' employees sign at or around the time of their hiring.

## ELEVENTH AFFIRMATIVE DEFENSE (SUBSTANTIAL COMPLIANCE)

The claims are barred because defendants have not collected, stored, or used employees' biometric identifiers or biometric information in the context of employment. Plaintiff bears the burden of proof in showing that a biometric identifier of a person was collected, captured, purchased, received through trade, or otherwise obtained by defendants. Plaintiff and the putative class members cannot make such a showing because defendants and their time clock system did not employ or use a biometric identifier or biometric information within the meaning of BIPA.

WHEREFORE, Defendants request that the Court (1) dismiss the complaint with prejudice and enter judgment in defendants' favor; (2) deny class certification; and (3) award

300046267v1 0998334

defendants their costs of suit incurred in this action, including reasonable attorneys' fees; and (4) grant such further relief as the Court deems proper.

Respectfully submitted:

Roundy's Supermarkets, Inc. and Roundy's Illinois, LLC

By: ___/s/ Peter E. Pederson_____
One of their attorneys

Diane Webster
Daniel K. Ryan
Steven M. Puiszis
Peter E. Pederson
HINSHAW & CULBERTSON LLP
222 N. LaSalle Street, Suite 300
Chicago, Illinois 60601
(312) 704-3000 Phone
(312) 704-3001 Fax
dwebster@hinshawlaw.com
dryan@hinshawlaw.com
spuiszis@hinshawlaw.com
ppederson@hinshawlaw.com

## CERTIFICATE OF SERVICE

The undersigned attorney certifies that on June 20, 2017, he e-filed this document through the Court's CM/ECF system, which will cause a copy of the document to be delivered electronically to counsel of record identified below.

Ilan Chorowsky, Esq.
Mark Bulgarelli, Esq.
PROGRESSIVE LAW GROUP, LLC
1570 Oak Avenue, Suite 103
Evanston, IL 60201
Telephone: 312-787-2717
ilan@progressivelaw.com
markb@progressivelaw.com

_____/s/ Peter E. Pederson_____

300046267v1 0998334